| | | |
|---|---|---|
| STATE OF MAINE | | SUPERIOR COURT |
| CUMBERLAND, ss. | | DOCKET NO. CV-2010- |
| | | |
| KRISTINA SPAULDING | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID SPAULDING | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | **COMPLAINT**[1] |
| | ) | |
| DANIEL BARTH | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOLLAR THRIFTY AUTOMOTIVE | ) | |
| GROUP, INC., | ) | |
| Defendants | | |

    NOW COME Plaintiffs Kristina Spaulding and David Spaulding, through counsel, and state for their cause of action against Defendants Daniel Barth and Dollar Thrifty Automotive Group, Inc. as follows:

    1.    Plaintiff Kristina Spaulding is a resident of the Town of Gray, County of Cumberland, State of Maine.

    2.    Plaintiff David Spaulding is a resident of the Town of Gray, County of Cumberland, State of Maine.

    3.    Based on information and belief, Defendant Daniel Barth resides in the Country of Germany.

    4.    Defendant Dollar Thrifty Automotive Group, Inc. ("Dollar") is an Oklahoma business corporation regularly engaged in business in the State of Maine.

---

[1] The United States and Germany are both party to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, (20 U.S.T. 361; 658 U.N.T.S. 163). Service in accordance with this international treaty is the exclusive method for serving documents in Germany. To avoid service problems under the Hague Convention, Plaintiff expressly state that no claims from a split recovery statute are being made in this Complaint.


EXHIBIT Sub B

## COUNT I: NEGLIGENCE

5. On or about August 6, 2005, while in Cumberland County, Defendant Daniel Barth negligently operated a motor vehicle rented to him by Dollar.

6. As a result of Defendant Daniel Barth's negligent operation of the motor vehicle rented to him by Dollar, he collided with a motor vehicle occupied by Plaintiff Kristina Spaulding.

7. As a direct and proximate result of the above-described negligence, Plaintiff Kristina Spaulding suffered serious and ongoing injuries and damages.

8. Defendant Dollar is contractually, vicariously and/or otherwise legally liable for the injuries and damages caused by Defendant Barth's negligence.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in a reasonable amount, plus costs, prejudgment interest, post judgment interest, and any other costs this court deems appropriate.

## COUNT II: LOSS OF CONSORTIUM

9. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 8 into Count II as if pled more fully herein.

10. For approximately the last fifteen years, including the present and at the time of the accident complained of above, the Plaintiffs were married.

11. As a result of the wrongful and negligent acts of Defendant Barth, Plaintiff David Spaulding was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of his marital relationship with Plaintiff Kristina Spaulding.

12. All of the above-described injuries and damages were caused solely and proximately by the negligence of Defendant Barth.

13. Defendant Dollar is contractually, vicariously and/or otherwise legally liable for the injuries and damages caused by Defendant Barth's negligence.

WHEREFORE, the Plaintiffs jointly as husband and wife, demand judgment against Defendants, jointly and severally, in a reasonable amount, plus costs, prejudgment interest, post judgment interest, and any other costs this court deems appropriate.

## COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

14. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 13 into Count III as if pled more fully herein.

15. As a result of Defendant's negligence, Plaintiff Kristina Spaulding has suffered, and will continue to suffer in the future, emotional distress.

15. The emotional distress suffered by Plaintiff Kristina Spaulding, and that will continue to be suffered by Plaintiff Kristina Spaulding in the future, was a reasonably foreseeable result of Defendant Barth's conduct.

16. Defendant Dollar is contractually, vicariously and/or otherwise legally liable for the emotional distress caused by Defendant Barth's negligence.

WHEREFORE, the Plaintiffs, jointly and severally, demand judgment against Defendants, jointly and severally, in a reasonable amount, plus costs, prejudgment interest, post judgment interest, and any other costs this court deems appropriate.

Dated: 12-27-10

_____
R. Terrance Duddy, Maine Bar No. 2237
Lauri Boxer-Macomber, Maine Bar No. 9575

KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
P.O. Box 597
Portland, ME 04112
(207) 775-1020